IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | Case No. CF0313-21 |
|---|---|
| vs. | |
| NICHOLAS WAYNE MOORE, | **DECISION AND ORDER** (Motion *In Limine* for Determination That the Government Has Made Judicial Admissions and That These Admissions Be Read to the Jury With Appropriate Instructions) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on Nicholas Wayne Moore's ("Defendant") Motion *In Limine* for Determination That the Government Has Made Judicial Admissions and That These Admissions Be Read to the Jury With Appropriate Instructions ("Motion for Judicial Admissions"). Attorneys David J. Lujan, William L. Gavras, and Michael F. Phillips represent Defendant. Assistant Attorney Generals Grant A. Olan and Sean E. Brown represent the People of Guam ("People'). Having considered the arguments and applicable law, the Court hereby **DENIES** Defendant's Motion for Judicial Admissions.

## BACKGROUND

On June 13, 2022, the Grand Jury indicted Defendant on the following charges: (1) Two Counts of Aggravated Assault (As a Second Degree Felony) with Two Counts of the

Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony) with the Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) Possession of an Unregistered Firearm (As a Third Degree Felony). Am. Superseding Indictment, June 13, 2022. Jury selection commenced on June 15, 2022, and a petit jury was sworn in on August 11, 2022. Minute Entry, June 15, 2022; Minute Entry, Aug. 11, 2022. Defendant filed the instant motion. Mot. for Judicial Admissions, Sept. 30, 2022. The People filed an opposition. People's Opp'n. to Def.'s Motion *In Limine* for Determination That the Gov't Has Made Judicial Admissions and That These Admissions Be Read to the Jury With Appropriate Instructions, Oct. 4, 2022 (hereinafter "Opp'n. to Mot. for Judicial Admissions"). Defendant filed a reply to the People's opposition. Def.'s Reply to Gov't.'s People's Opp'n. to Def.'s Motion *In Limine* for Determination That the Gov't Has Made Judicial Admissions and That These Admissions Be Read to the Jury With Appropriate Instructions, Oct. 6, 2022 (hereinafter "Def.'s Reply to Opp'n. to Mot. for Judicial Admissions").

Pursuant to the Local Rules of the Superior Court of Guam ("CVR") 7.1(e), "[o]ral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil Procedure." Upon review of the filings, the Court determines that oral argument is not necessary and denies oral argument on the motion. The Court now issues the following decision and order.

**DISCUSSION**

Defendant argues that the People made "critical judicial admissions" in People's Motion to Bar Further Cross-Examination of Eric Salone Pursuant to Guam Rules of Evidence 403 ("Motion to Bar Further Cross-Examination") and "requests that those admissions be

deemed judicial admissions and the jury be read those admissions together with a brief explanation of their effect." Mot. for Judicial Admissions at 1–2. The People assert that it "simply highlighted testimony by Mr. Eric Salone, over the course of 13 to 15 hours during defense counsel's exhaustive cross-examination, that undermines his credibility and bolsters their case theory to show that any probative value of his continued examination is substantially outweighed by considerations of undue delay, waste of time, needless presentation of cumulative evidence, and witness harassment." Opp'n. to Mot. for Judicial Admissions at 1.

The Supreme Court of Guam has defined a judicial admission as "a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it." *Sinlao v. Sinlao*, 2005 Guam 24 ¶ 16 (quoting *Goldsmith v. Allied Bldg. Components, Inc.*, 833 S.W.2d 378, 380 (Ky. 1992)). "Whether a statement is a judicial admission depends on the circumstances of the case." *Sinlao v. Sinlao*, 2005 Guam 24 ¶ 16 (quoting *Khone v. Yost*, 818 P.2d 360, 362 (Mont. 1991)). The Supreme Court of Guam has stated following factors determine whether a statement constitutes a judicial admission: "(1) an attorney's statement must be deliberate, clear, and unambiguous; (2) the statements must be deliberate waivers of the right to present evidence; and (3) counsel's statements deal with opinions and legal conclusions." *Sinlao v. Sinlao*, 2005 Guam 24 ¶ 17 (citing *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997)).

The Court finds that the statements contained in the Motion to Bar Further Cross-Examination regarding Eric Salone's cross-examination were not deliberate, clear, and unambiguous. "If a doubt exists as to the statement of counsel, the court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of the

jury." *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). Defendant emphasizes that the Motion to Bar Further Cross-Examination uses the word "established," and argues that its use demonstrates that the People's statements were "unequivocal, clear, and deliberate" admissions. Mot. for Judicial Admissions at 5–6. However, the People prefaced their statement "defense counsel have established" with the phrase "[t]hrough its cross-examination of Eric Salone." The People's use of a qualifier makes it unclear to the Court that the People believe defense counsel have actually established these facts; rather, the Court sees an alternate interpretation where the People are simply stating Salone's testimony. Without an indication that the People deliberately made statements regarding facts defense counsel have established, the Court is reluctant to find these statements are deliberate, clear, and unambiguous. *See MacDonald*, 110 F.3d at 340 (finding statements did not constitute judicial admissions when "such remarks were guarded and qualified").

The Court finds that the People were not making a deliberate waiver of the right to present evidence refuting Salone's testimony, but rather illustrating Defendant had elicited all possible testimony from Salone to bolster his claim. "Because of their binding consequences, judicial admissions generally arise only from deliberate voluntary waivers that expressly concede for purposes of trial the truth of an alleged fact." *United States v. Belculfine*, 527 U.S. 941, 943 (1st Cir. 1975). In its Motion to Bar Further Cross-Examination, the People cite Defendant's Motion for Mistrial, which stated testimony that Defendant believed he would elicit at trial. Mot. to Bar Cross-Examination at 2–3, Sept. 20, 2022. The People then listed portions of Salone's testimony where defense counsel had educed the facts Defendant stated he anticipated to obtain at trial in his Motion for Mistrial. *Id.* The Court interprets the People's statement to be recitation of Salone's testimony to support the Motion to Bar Further Cross-

Examination and illustrate that Defendant elicited all possible testimony, not a statement that Salone's testimony should be evidence.

Likewise, nothing in the Motion to Bar Further Cross-Examination suggests the People's intent to waive the right to present evidence disputing Salone's testimony. To the contrary, the People have made statements contradicting the statements in the Motion to Bar Further Cross-Examination throughout the trial. Courts have found that comments made by counsel that are inconsistent and fundamentally at odds with counsel's previous pleadings, evidence, and closing argument are not binding admissions. *See MacDonald*, 110 F.3d at 340; *see also Harrison Construction Co. v. Ohio Turnpike Commission*, 316 F.2d 174 (6th Cir. 1963). Assistant Attorney General Olan argued in his opening statement that both Defendant and Salone shot guns during the incident, which contradicts the statement in Motion to Bar Further Cross-Examination that Salone shot the .38 caliber revolver. Mot. to Bar Cross-Examination at 5–6; Minute Entry, Aug. 15, 2022. Assistant Attorney General Sean Brown elicited testimony from Detective Eric Mondia that some witnesses claim or previously claimed Defendant was the shooter and despite some witnesses being untruthful, police investigation suggests Defendant fired the gun that discharged the .38 caliber bullet. Minute Entry, Oct. 11, 2022.

The Court finds that the statements contained in the People's Motion to Bar Further Cross-Examination were opinions and legal conclusions. "A judicial admission is usually treated as absolutely binding, but such admissions go to matters of fact which, otherwise, would require evidentiary proof." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 21 (4th Cir. 1963). "They serve a highly useful purpose in dispensing with proof of matters and of facts about which there is no real dispute." *Id.* The statements in the Motion to Bar Further

Cross-Examination are not statements about which there is no real dispute. The parties disagree on whether Salone or Defendant shot the .38 caliber revolver and whether one or two guns were fired during the incident. Witnesses have given conflicting testimony on who was present during the incident, how many guns were fired during the incident, and the time and location of the incident. Some witnesses have given multiple, conflicting statements to the police regarding these facts. As a result, the Court finds these statements are disputed. Determinations about what occurred on the October 15, 2020 should be made exclusively by the jury without direction from the Court.

Moreover, the circumstances of this case are such that these statements constitute the parties' theories of the case. In Motion to Bar Further Cross-Examination, the People cited Defendant's theories of the case as stated in his Motion for Mistrial and then compared these theories to Salone's testimony during cross-examination. It appears to the Court that by making this comparison, the People were emphasizing that defense counsel obtained all necessary testimony from Salone. Defendant claims Salone shot the .38 caliber revolver and only one gun was fired that night, while the People claim Defendant shot the .38 caliber revolver, Salone shot the .45 caliber pistol, and two guns were fired that night. Criminal liability for Defendant's charged conduct depends on Defendant and Salone's actions during the incident, including who fired .38 caliber revolver and if either person encouraged the other person to do so. The Court concludes instructing the jury about statements that are essentially the legal theories of the case is improper. *See New Amsterdam Cas. Co.*, 323 F.2d at 24 ("The doctrine of judicial admissions has never been applied to counsel's statements of his conception of the legal theory of the case.").

Finally, the Court finds that the People did not intend for the statements to be judicial admissions. "The trial court must focus upon the statement itself, as well as the intent of the person making the statement." *Sinlao*, 2005 Guam 24 ¶ 17 (quoting *Khone*, 818 P.2d at 362). The People allege that the statements were not intended to be judicial admissions. Opp'n. to Mot. for Judicial Admissions at 2. There is no indication in Motion to Bar Further Cross-Examination that the People intended these statements to bar the People from disputing them. Thus, the Court holds that, after considering the circumstances of the case, the statements Defendant requests read to the jury are not judicial admissions.

Defendant argues in the alternative that the statements are evidentiary, positing "[e]videntiary admissions are explicitly recognized by Rule of Evidence § 801(d)(2)." Mot. for Judicial Admissions at 2–3. Guam Rules of Evidence ("GRE") 801(d)(2) provides that admissions made by party-opponents are not hearsay.[1] Courts are divided on whether statements made by a prosecutor during a criminal trial may constitute a party admission. *See e.g., United States v. Katter*, 840 F.2d 118, 130–31 (1st Cir. 1988) (finding that the federal government is a party-opponent of the defendant in criminal cases); *see also e.g., United States v. Powers*, 467 F.2d 1089, 1095 (7th Cir. 1972) (finding the prosecution's agents in a criminal case are not party opponents). Regardless, the Court interpreted the People's statements in

---

[1] GRE 801(d)(2) states:

A statement is not hearsay if. . . The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the is offered under subdivision (E).

Motion to Bar Further Cross-Examination to be a summary of Salone's testimony—not statements that the People necessarily believe to be an accurate account of events of October 15, 2020. The Court finds it unnecessary to read to the jury—as Defendant requests—a summary of Salone's cross-examination when the jury was present for it. Furthermore, the Court maintains that because the statements made in Motion to Bar Further Cross-Examination are directly tied to the parties' theories of the case, it would be improper to instruct the jury that the People have admitted these facts as true. The Court has already instructed the jury that arguments made by the parties are not evidence, and the Court will repeat this instruction at the close of the presentation of evidence. Therefore, to instruct the jury that the People's statements are evidentiary admissions is antithetical.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion for Judicial Admissions.

SO ORDERED, this __01st__ day of __November__ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam